```
          IN THE UNITED STATES DISTRICT COURT
             NORTHERN DISTRICT OF GEORGIA
                   ATLANTA DIVISION
```

GENNETTA GIBSON,                      )
MARKETTA S. ALEXANDER                 )
                                      )
     Plaintiffs,                      )
vs.                                   ) Case No. 1:17-cv-01393-AT-RGV
                                      )
BANK OF AMERICA, N.A.,                )
BAC HOME LOANS SERVICING, L.P.        )
                                      )
     Defendants.                      )

## MOTION TO DISMISS CASE WITH PREJUDICE BY DEFENDANTS.

Per L.R. 7.1 and Fed. R. Civ. P. 12, the Defendants moves to dismiss the Complaint [Doc 1] with prejudice.

## STATEMENT OF FACTS

1.  On 8/2/06, Plaintiff Gibson executed a promissory note to Defendant Bank of America [BOA] for the principal sum of $323,579.00 for which real property, 3538 Maple Hill Road, Lithonia, GA 30038 [the "Property"] is secured as collateral by a Security Deed, later assigned from BOA to BAC Home Loans. [Doc 1: Exhibit 1: Complaint, ¶ 6-10]

2.  Plaintiff Marketta Alexander appears to have no interest in the Property.

3.  On 11/9/16, Plaintiffs filed suit in DeKalb Superior Court, Case No. 16-cv-11879-5, seeking to dispute the Security Deed. [Complaint ¶ 11-23]

4. Plaintiffs dispute Defendant BAC's standing to enforce the Note/Security Deed. [Complaint ¶ 24]

5. Plaintiffs seeks a declaratory judgment that the Defendants are not entitled to foreclose the Security Deed against the Property. [Complaint, ¶ 24]

6. Plaintiffs seek to quiet their alleged title to the Property by disputing the validity of the Assignment of the Security Deed from BOA to BAC. [Complaint, ¶ 24]

7. The Defendants removed this case in which the Plaintiffs have not appeared. [Doc 1]

8. The case should be dismissed with prejudice.

### MEMORANDUM

Per Fed. R. Evid. 201, the Court is requested to take judicial notice of the documents referenced in the Complaint which can be done without converting this motion to one for summary judgment. **_Brooks v. Blue Cross_**, 116 F.3d, 1369 (11th Cir. 1997)

### I. Standard for Dismissal.

A complaint may be dismissed if the facts as pled do not state a facially claim for relief. **_Sinaltrainal v. Coca-Cola_**, 22 Fla. L. Weekly Fed. C 60, p. 13 (11th Cir. 2009) citing **_Ashcroft v. Iqbal_**, 556 U.S. 129 S. Ct. 1950 (2009) ["a complaint must state a plausible claim for relief to survive a motion to dismiss"] **_Bell Atl. Corp. v. Twombly_**, 550 U.S. 561-62, 570, (2007) In **_Iqbal_**, the Supreme Court indicated that Fed. R. Civ. P. 8 does not require

detailed factual allegations *but requires "more than an unadorned, defendant-unlawfully-harmed-me accusation."* **Sinaltrainal** at 13 citing **Iqbal**, 129 S. Ct. at 1949.

A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." **Id.** Plausibility does not require probability, "but it asks for more than a sheer possibility that a defendant has acted unlawfully." **Iqbal**, 129 S. Ct. at 1949. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. Additionally, a complaint is sufficient only if it gives "'fair notice of what the . . . claim is and the grounds upon which it rests.'" **Sinaltrainal**, LEXIS 17764 (quoting **Twombly**, 550 U.S. at 555). Plaintiffs cannot meet these standards in the Complaint, for which further amendment is futile. **Bryant v. Dupree**, 252 F.3d 1161, 1163 (11th Cir. 2001) ("A district court need not, however, allow an amendment... where amendment would be futile")

As shown below, the Plaintiffs fail to meet any of these standards, requiring the dismissal of this case with prejudice.

3

**II.  The case must be dismissed with prejudice for failure to state a claim for which further amendment is futile.**

First, the claims for declaratory relief are invalid. Per 28 U.S.C. § 2201, a declaratory judgment resolves a case or controversy. *Malowney v. Federal*, 193 F.3d 1347 (11th Cir. 1999) Plaintiff must allege facts from which continuation of the dispute may be reasonably inferred. The controversy may not be conjectural, hypothetical or contingent; must be real, immediate and create a definite, rather than speculative threat of future injury. *Emory v. Peeler*, 756 F.2d 1552 (11th Cir. 1985) The Plaintiffs allege no such controversy for which they are not entitled to declaratory relief.

Second, the Plaintiffs are not entitled to relief as they never satisfied the Security Deed. A security deed conveys legal title to real property to a lender per O.C.G.A. § 44-14-60. See *Sayers v. Forsyth*, 417 F.2d 65, FN 2 (5th Cir. 1969) [Grantee/holder of a security deed acquires fee simple title to property, subject to right of grantor, the equity owner, to reacquire fee simple title upon *satisfying the* security deed] The Plaintiffs cannot seek to invalidate the Security Deed which they never satisfied.

Third, the Plaintiffs lack standing to dispute the Assignment of the Security Deed. Per O.C.G.A. § 44-14-64, a security deed may be assigned by a written assignment between the *deed holder and the assignee*. *Bank v. Gold*, 327 S.E. 2d 800 (1985) As shown

4

here, BOA assigned the Security Deed to BAC: and the Defendants have cited no basis for invalidating the Security Deed or Assignment: which they lack standing to dispute. *High v. Mortg. Lenders Network*, LEXIS 193515 *17-19 (N.D. Ga. 2013) [dismissed case for declaratory and related relief with prejudice as debtor lacked standing to challenge assignment of security deed] *Ames v. JP Morgan*, 298 Ga. 732 (Ga. 2016) [dismissed case for declaratory and related relief with prejudice as debtor lacked standing to challenge assignment of security deed] Therefore, the Defendants have failed to state any plausible claim for relief, requiring dismissal of this case with prejudice.

## CONCLUSION

Accordingly, the Defendants respectfully request that this case be dismissed with prejudice and that the Court cancel any lis-pendens on the Property relating to this case. *Fowler v. Merrill*, LEXIS 53424, WL 2224019, at *2 (N.D. Ga. 2006); [directing clerk of court to cancel lis pendens]

### L.R. 5.1 (C) CERTIFICATE OF COMPLIANCE

Per L.R. 5.1(C), I certify this document was prepared per L.R. 5.1(B) in Courier New, 12 point typeface.

### CERTIFICATE OF SERVICE

I certify that on 6/14/17 I served a copy of this document via U.S. First Class Mail upon the Plaintiffs at 3538 Maple Hill Road, Lithonia, GA 30038.

5

Respectfully submitted this 14th day of June, 2017.

    By:   */s/Paul G. Wersant*
           Paul G. Wersant
           Georgia Bar No. 748341
           Albertelli & Whitworth, P.A.
           100 Galleria Parkway, Suite 960
           Atlanta, Georgia 30339
           Telephone: (770) 373-4242, Ext: 2476
           Fascimile: (770) 373-4260
           Email: pwersant@alaw.net
           Attorneys for Defendants
           File No. 17-001980